JENNER & BLOCK LLP
RICK RICHMOND (SBN 194962)
RRichmond@jenner.com
633 West 5th Street Suite 3600
Los Angeles, CA 90071-2054
Telephone:   +1 213 239 5100
Facsimile:   +1 213 239 5199

Attorney for THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES HUNTSMAN, | Case No. 2:21-cv-02504 SVW (SKx) |
| Plaintiff, | **ANSWER TO COMPLAINT** |
| v. | Complaint Filed: March 23, 2021 |
| CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; and Does 1-10, | Judge:     Stephen V. Wilson |
| Defendant. | |

The Church of Jesus Christ of Latter-day Saints (the "Church"), a Utah corporation sole, hereby answers the allegations in Mr. Huntsman's complaint as follows:

## INTRODUCTION

1.      Paragraph 1 of the Complaint is an editorial comment and not a statement of any facts relevant to this case.  To the extent a response is required, the Church denies the allegations in paragraph 1.

2.      Denied.

3.      The Church admits that Church agents stated that no tithing would be used to develop City Creek and avers that those statements were true.  The Church denies the remaining allegations in paragraph 3.

4.      Denied.

5.      Denied.

6.      Denied.

7.      The Church admits that the law does not authorize religious organizations or anyone else to commit fraud.  The Church denies the remaining allegations in paragraph 7.

8.      The Church does not have sufficient information to enable it to respond as to the truth or falsity of Mr. Huntsman's allegations about his respect for Church members and their beliefs and customs, nor his previous "devout and faithful" Church membership.  The Church denies the remaining allegations in paragraph 8.

9.      Paragraph 9 is mostly an editorial comment and not a statement of any facts relevant to this case.  To the extent a response is required, the Church denies any relevant factual allegations in paragraph 9.

## THE PARTIES

10.      The Church does not have sufficient information to enable it to respond to the allegations in paragraph 10.

11.     In response to the allegations in paragraph 11, the Church affirmatively alleges that Corporation of the President of The Church or Jesus Christ of Latter-day Saints is the former name of a Utah corporation sole now named "The Church of Jesus Christ of Latter-day Saints."  This corporation is headquartered in Utah and conducts affairs on behalf of the religious organization also called The Church of Jesus Christ of Latter-day Saints.

12.     Denied.

### JURISDICTION AND VENUE

13.     The Church does not have sufficient information about Mr. Huntsman's citizenship to respond to the allegation concerning subject matter jurisdiction in paragraph 13.

14.     The Church admits it has contacts with California, but denies that it committed any "unlawful and fraudulent" acts and denies any other allegations in paragraph 14.

15.     Denied.

### ALLEGATIONS COMMON TO ALL CLAIMS

16.     The Church denies that Mr. Huntsman donated 10% of his annual income to the Church between 1993 and 2017 and also denies that his donations during this time "amounted to millions of dollars."  The Church does not have sufficient information to respond to the remaining allegations in paragraph 16.

17.     Denied.

18.     Paragraph 18 quotes a portion of a true statement made in a sermon by Church President Gordon B. Hinckley at the Church's April 2003 General Conference.  The statement, in context, was:

> I call attention to that which has received much notice in the local press. This is our decision to purchase the shopping mall property immediately to the south of Temple Square.

3

> We feel we have a compelling responsibility to protect the environment of the Salt Lake Temple. The Church owns most of the ground on which this mall stands. The owners of the buildings have expressed a desire to sell. The property needs very extensive and expensive renovation. We have felt it imperative to do something to revitalize this area. But I wish to give the entire Church the assurance that tithing funds have not and will not be used to acquire this property. Nor will they be used in developing it for commercial purposes.
>
> Funds for this have come and will come from those commercial entities owned by the Church. These resources, together with the earnings of invested reserve funds, will accommodate this program.

The Church denies the allegation that this statement was false and any remaining allegations in paragraph 18.

19.  Paragraph 19 quotes a portion of a true statement attributed to Presiding Bishop H. David Burton in an article in a Church publication. The Church denies the allegation that this statement was false and any remaining allegations in paragraph 19.

20.  Paragraph 20 quotes a portion of a true statement in an article in the December 2006 edition of the Ensign magazine, which is an official Church publication. The Church denies the allegation that this statement is false and any remaining allegations in paragraph 20.

21.  Paragraph 21 quotes a portion of a true statement in an article in the Deseret News. The Church denies the allegation that this statement is false and any remaining allegations in paragraph 21.

22.  Paragraph 22 quotes an article in The Salt Lake Tribune. The Church denies any remaining allegations in paragraph 22.

23.     Denied.

24.     Denied.

25.     The Church admits that the tithing donation slip in use just prior to 2012 provided on the bottom of the slip that "[a]ll donations to the Church's missionary fund become the property of the Church to be used at the Church's discretion." The missionary fund was only one of a number of donation options on the slip, which included Tithing, Fast Offering, Temple patron assistance, Priesthood restoration site, Temple construction, Perpetual Education, and Book of Mormon. The Church also admits that the language on the bottom of the tithing slip was changed in August 2012 to provide "[t]hough reasonable efforts will be made to use donations as designated, all donations become the Church's property and will be used at the Church's sole discretion to further the Church's overall mission[,]" but denies the change was made because of anything related to City Creek. The Church also admits that Gospel Topics on the churchofjesuschrist.org website provides under the heading "Tithing" that "[t]ithing funds are always used for the Lord's purposes—to build and maintain temples and meetinghouses, to sustain missionary work, to educate Church members, and to carry on the work of the Church throughout the world." The Church denies all other allegations in Paragraph 25.

26.     Paragraph 26 is mostly an editorial comment and not a statement of any facts relevant to this case. To the extent a response is required, the Church denies any relevant factual allegations in paragraph 26.

27.     Denied.

28.     Denied.

29.     The Church admits that Mr. Huntsman demanded the return of his donations before filing this lawsuit and that the Church declined his request. The Church denies the remaining allegations in paragraph 29.

30.     Paragraph 30 is mostly an editorial comment and not a statement of any facts relevant to this case.  To the extent a response is required, the Church denies any relevant factual allegations in paragraph 30.

## FIRST CLAIM FOR RELIEF

31.     The Church incorporates its responses to paragraphs 1 through 30.

32.     Denied.

33.     Denied.

34.     Denied.

35.     Denied.

36.     Denied.

37.     Denied.

38.     Denied.

39.     Denied.

40.     Denied

41.     Denied.

42.     Denied.

## AFFIRMATIVE DEFENSES

1.      Plaintiff's complaint fails to state a claim upon which relief can be granted.

2.      Plaintiff's chosen venue is improper.

3.      Plaintiff fails to plead his claim with the particularity required by Rule 9 of the Federal Rules of Civil Procedure.

4.      Plaintiff's claim is barred by the statute of limitations in California Code of Civil Procedure § 338(d) and Utah Code § 78B-2-305(3).

5.      Plaintiff's claim is barred by the Religion Clauses of the First Amendment of the United States Constitution and similar provisions protecting religious freedom in the Constitution of the State of California.

6.      Plaintiff's donations to the Church were an irrevocable gift under law, including California Civil Code §§ 1146 and 1148.

7.      Plaintiff's claims are barred by the doctrines of estoppel and waiver.

8.      Plaintiff lacks standing to sue the Church for alleged misuse of donated funds.

## **PRAYER FOR RELIEF**

The Church prays that Mr. Huntsman's complaint be dismissed with prejudice.  Additionally, because the complaint is without merit and was not maintained in good faith, the Church requests reimbursement of its costs and attorney's fees.  The Church also asks for any other relief that is just and proper.


Dated:  May 5, 2021                              JENNER & BLOCK LLP



By: _____
                                    Rick Richmond

                                    Attorney for THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS