1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DAVID B. JONELIS, ESQ. (BAR NO. 265235)**
**JAKE A. CAMARA, ESQ. (BAR NO. 305780)**
**LAVELY & SINGER**
**PROFESSIONAL CORPORATION**
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615
djonelis@lavelysinger.com
jcamara@lavelysinger.com

Attorneys for Plaintiff
JAMES HUNTSMAN

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

JAMES HUNTSMAN,

   Plaintiff,

  vs.

CORPORATION OF THE PRESIDENT
OF THE CHURCH OF JESUS CHRIST
OF LATTER-DAY SAINTS; and Does
1-10,

   Defendants.

CASE NO.:  2:21-cv-02504 SVW (SK)

Assigned to the Hon. Stephen V. Wilson, Ctrm. 10A

**EVIDENTIARY OBJECTIONS TO THE DECLARATION OF PAUL RYTTING IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDMGENT**

**REDACTED PURSUANT TO COURT ORDER**

1

**TO ALL PARTIES AND THEIR RESPECTIVE ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that Plaintiff James Huntsman ("Plaintiff") hereby objects to certain evidence submitted by Defendant Corporation Of The President Of The Church Of Jesus Christ Of Latter-Day Saints ("Defendant" or the "Church") in support of Defendant's Motion for Summary Judgment. Accordingly, Plaintiff will and hereby does move for an order striking such inadmissible matter. This motion is based upon the Memorandum below, all other relevant pleadings and papers submitted in this action, any arguments of counsel and any other evidence which may be presented at or before the hearing on these motions.

## I.   **PRELIMINARY STATEMENT**

Evidence submitted by a party in support of a motion for summary judgment motion must meet all requirements for admissibility of evidence as if it was offered at trial. *See* Fed. R. Civ. P. 56(e); *see also Orr v. Bank of America,* 285 F.3d 764, 774 (9th Cir. 2002). Since the declarations and affidavits act as a substitute for oral testimony, they must be "made on personal knowledge, [must] set forth such facts as would be admissible in evidence, and [must] show affirmatively that the affiant is competent to testify to the matters stated therein." *Id.* "It is not sufficient for the declarant to state that he or she has personal knowledge of the facts stated." *Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001). "Rather, the declarant must state facts showing his or her connection to the matters stated, establishing the source of the information." *Ibid.* (citing Fed. R. Evid. 602); *see also Argo v. Blue Cross & Blue Shield of Kansas, Inc.*, 452 F.3d 1193, 1200 (10th Cir. 2006) (Affidavit is inadmissible for lack of personal knowledge if "the witness could not have actually perceived or observed that which he testifies to.") Paul Rytting is an attorney employed by Defendant[1] as a "Director of Risk Management"[2], and at no time does he state that was he employed by or affiliated with

---

[1] https://services.utahbar.org/Member-Directory/Profile?customercd=6027 (last accessed August 12, 2021),
[2] https://www.linkedin.com/in/paul-rytting-5622303b/ (last accessed August 12, 2021),
https://www.acc.com/sites/default/files/resources/vl/public/ProgramMaterial/20099_1.pdf (last accessed August 13, 2021)
("Paul D. Rytting is the director of risk management for the Church of Jesus Christ of Latter-day Saints (LDS) in Salt Lake City. His responsibilities include administration of the risk management functions and services (safety, insurance, claims,

any entity identified in his declaration (i.e., Ensign Peak Advisors, City Creek Reserve, Inc., the Investment Policy Committee, or Property Reserve, Inc.), nor does he provide factual support for the conclusory statement that he has "personal knowledge" of how the City Creek Mall and Beneficial Life Insurance Company received funding from the Church, or the source of such funding.

In addition, Federal Rule of Evidence 901 requires "authentication or identification as a condition precedent to admissibility. Fed. R. Evid. 901(a). "We have repeatedly held that unauthenticated documents cannot be considered in a motion for summary judgment." *Orr,* 285 F.3d at 774 (citing Fed. R. Evid. 901(a)). Accordingly, "the affiant must be a person through whom the exhibits could be admitted into evidence." *Ibid*. Rytting does not, and cannot, state that he drafted any of the documents proffered in his declaration, nor that he witnessed the documents being generated, signed, or transmitted. Rytting is merely reviewing the documents in the same manner as Plaintiff's counsel is, has as much personal knowledge regarding their content as the Court, and is improperly opining on their alleged authenticity without any factual basis.

With this backdrop, Plaintiff objects to and moves to strike the following evidence submitted in the Declaration of Paul Rytting (Docket No. 32-5):

## II.  **EVIDENTIARY OBJECTIONS**

| ITEMS OBJECTED TO | OBJECTION |
|---|---|
| 1.    <u>Page 2, paragraph 1, lines 7-9</u>, as follows:<br>I am familiar with Church policies and practices relating to the management of funds and, in particular, with respect to the financing of the City Creek project. | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* |

litigation, contingency planning, etc.) for LDS Church operations in over 150 countries. Prior to working w/ the LDS Church, Mr. Rytting was a litigation attorney with the law firm of Hanson, Baker & Ludlow in Bellevue, Washington.")

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the financing of the City Creek Project). |
|---|---|
| 2. **Page 3, paragraph 6, lines 24-25 through Page 4, lines**, as follows: This is in accordance with the Church's teachings on self-sufficiency and financial preparedness. | **Irrelevant** (Fed. R. Evid. 401, 402, 403) (this testimony is irrelevant to whether the Church used tithing funds to pay for the City Creek Mall and bail out Beneficial Life Insurance Company). |
| 3. **Page 3, paragraph 6, lines 25 through Page 4, lines 1-5**, as follows: During the Church's April 1991 General Conference (a semi-annual event consisting of worship services and messages from Church leaders broadcast to the worldwide Church), President Gordon B. Hinckley, then-First Counselor to the president of the Church, explained the following: "In the financial operations of the Church, we have observed two fixed principles: One, the Church will live within its means. It will not spend more than it receives. Two, a fixed percentage of income will be set aside to build reserves against what might be called a | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was present at the Church's April 1991 General Conference);<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (statement is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| possible 'rainy day.'" Attached hereto as **Exhibit 1** is a true and correct copy of the address entitled "The State of the Church." | |
| 4.    Page 4, paragraph 7, lines 6-12, as follows:<br><br>During the Church's October 1995 General Conference, President Hinckley, then-president of the Church, reiterated this position: "Not only are we determined to live within the means of the Church, but each year we put into the reserves of the Church a portion of our annual budget. . . . Should there come a time of economic distress, we would hope to have the means to weather the storm." Attached hereto as **Exhibit 2** is a true and correct copy of address entitled "Of Missions, Temples, and Stewardship." | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was present at the Church's October 1995 General Conference;<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (statement is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 5.    Page 4, paragraph 8, lines 17-20, as follows:<br><br>Prior to this, Church reserves were managed and invested by the Church's Investment Securities Department. ███████████████████ ███████████████████ ███████████████████ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with the Investment Securities Department or Ensign Peak Advisors in any way, nor |

| | |
|---|---|
| ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮ | does he state that he was involved in the preparation or transmittal of Exhibit 3); |
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs). |
| 6.    Page 4, paragraph 8, lines 20-23, as follows:<br><br>The Church provided Ensign Peak with an initial grant ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮▮▮ ▮▮▮▮ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he participated in the Church's grant to Ensign Peak, or that he has any personal knowledge of the grant other than what is stated in Exhibit 3); |

6

| | |
|---|---|
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing, the document speaks for itself); |
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 7. Page 4, paragraph 8, lines 23-28, as follows: | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. |

7

By the end of the 1997, with the combination of the initial grant and earnings on the initial grant, Ensign Peak had net assets of ███████████ ████████████████████████ ████████████████████████ ██████████████████ ██████████████████ ████████████████████ ███████████████████ █████████

2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of Ensign Peak Advisors' assets other than what is stated in Exhibit 3);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

**Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | | the contents of a writing, the document speaks for itself); **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 8. | Page 5, paragraph 11, lines 20-24, as follows: As of December 31, 2003, the year President Hinckley made his announcement about City Creek, Ensign Peak's net assets had grown to ███████████ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of Ensign Peak Advisors' assets other than what is stated in Exhibit 5); **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| | | https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);<br><br>(**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 9. | Page 5, paragraph 11, lines 24-27, as follows:<br><br>████████████████<br>██████████████<br>████████████████<br>████████████████<br>███████████████<br>████████████████<br>█████████████<br>██████ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of Ensign Peak Advisors' assets other than what is stated in Exhibit 5); |

| | |
|---|---|
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing, the document speaks for itself); |
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | | |
|---|---|---|
| 10. | Page 5, paragraph 11, lines 25 through Page 6, lines 1-3, as follows: | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of Ensign Peak Advisors' assets other than what is stated in Exhibit 5); |

In that year alone, 2003, Ensign Peak accumulated ███████████ ████████████ ████████████ ███████████████ █████████████ ███████████████ ████████████████ █████████████

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing, the document speaks for itself); |
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 11.　　Page 6, paragraph 12, as follows: The City Creek project received funding from Ensign Peak ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that was involved in the decision to fund the City Creek Mall or the implementation of such funding); |
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its |

| | |
|---|---|
| | long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs;<br><br>**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to how the City Creek Project received funding). |
| 12.    Page 6, paragraph 13, lines 6-12, as follows:<br><br>Consistent with President Hinckley's 2003 message, the Church earmarked ▇▇▇▇ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of the transfer of Ensign Peak Advisors' assets other than what is stated in Exhibit 6; |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT



| | |
|---|---|
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 13.    Page 6, paragraph 13, lines 12-17, as follows: | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved in the preparation or transmittal of Exhibit 6); |

15



**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

**Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing, the document speaks for itself);

**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to ▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮);

**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception).

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

14.     Page 6, paragraph 13, lines 17-21, as follows:



**Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved in the preparation or transmittal of Exhibit 6);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

**Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing, the document speaks for itself);

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 15.    Page 6, paragraph 13, lines 21-23, as follows: | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved in the preparation or transmittal of Exhibit 6);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |

18

| | |
|---|---|
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing, the document speaks for itself).<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 16.    <u>Page 6, paragraph 13, line 23</u>, as follows: | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not provide facts to support his claim that ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ;<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |
| | **Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not an accountant). |
| 17.   Page 6, paragraph 13, lines 23-26, as follows: | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors); |
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting- |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to █████████████████ █████████████████████████████ ████████████████████

18.    Page 7, paragraph 14, as follows: The initial reserve █████████████ ████████████████████████ came exclusively from earnings on the Church's reserve funds invested by Ensign Peak.

**Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its

21

| | |
|---|---|
| | long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);<br><br>**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to ████████████████ ████████████████) |
| 19.    Page 7, paragraph 16, as follows: CCRI owned and made further investments in City Creek property, most of which it then rented to a separate for-profit company to operate the shopping center. | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with CCRI in any way, nor does he state that he has any knowledge of any transfer of funds either to or from CCRI);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well- |

| | |
|---|---|
| | documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of CCRI and other entities handling the Church's financial affairs). |
| 20.   Page 7, paragraph 17, as follows: During the course of the City Creek project (between 2007 and 2012), ██ ████████████████ ████████████ —authorized appropriations for the City Creek project. With Church authorization, Ensign Peak then periodically granted ████████ █████████████████ ███ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was affiliated with ██ █████████████████ ███████████);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish |



23

| | |
|---|---|
| | how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);<br><br>**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to how the City Creek Project received funding). |
| 21.   Page 7, paragraph 18, lines 15-22, as follows:<br> | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 7);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);<br><br>**Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing , the document speaks for itself);<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 22.     Page 7, paragraph 19, lines 25-28, as follows:<br><br>When the Church authorized Ensign Peak to grant funds to CCRI, the funds ███ ████████████████████ ██████████████████ cash was granted to CCRI. The remaining ungranted assets in ████████████ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any |

| | |
|---|---|
| ▬▬▬▬▬ continued to accrue investment earnings. | transfer of funds either to or from Ensign Peak Advisors);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs). |
| 23.  Page 8, paragraph 19, lines 1-2, as follows:<br>[T]he reserve fund was periodically "drawn down" during the lifetime of the City Creek project while continuing to accrue investment earnings along the way. | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that was involved with the transfer of assets either to or from the reserve fund);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in |

26

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs). |
| 24.    Page 8, paragraph 20, as follows:  | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 8);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well- |

| | |
|---|---|
| | documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing , the document speaks for itself); |
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 25.    <u>Page 8, paragraph 21, lines 8-13</u>, as follows:<br><br>██████████████<br>██████████████<br>██████████████<br>██████████████<br>███████████████ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT



Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 8);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

**Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing , the document speaks for itself);

**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter

| | contained therein and is not subject to a hearsay exception). |
|---|---|
| 26.   Page 8, paragraph 21, lines 13-16, as follows:  | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 8);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing , the document speaks for itself);<br><br>**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 27.  Page 8, paragraph 22, lines 17-19, as follows:<br><br> | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 8);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs; |
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing , the document speaks for itself); |
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception); |
| | **Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to ███████████ ███████████████████████ ███████████████) |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

28. Page 8, paragraph 22, lines 19-22, as follows:



**Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 8);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

| | |
|---|---|
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing, the document speaks for itself);

**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 29.     <u>Page 8, paragraph 22, lines 22 through Page 9, lines 1-2</u>, as follows: | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 8);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Management" (*see*
https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);

**Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing , the document speaks for itself);

**Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception);

**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to ████████████ ██████████████████████ ████████████

| | |
|---|---|
| 30.     Page 9, paragraph 23, lines 3-6, as follows:<br><br>Ensign Peak granted ▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Each of the listed Ensign Peak grants came from ▮▮▮ ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);<br><br>**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT



| | testify as to ███████ ██████ |
|---|---|
| 31.   Page 9, paragraph 23, lines 6-9, as follows:<br><br>In summary, the total value of ████████ ███████████ ████████████ ███████████ ████████████ ██████████ ███████████ ████████ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibit 8);<br><br>**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |

| | |
|---|---|
| | **Best Evidence Rule** (Fed. R. Evid. 1002 et seq.) (inadmissible testimony to prove the contents of a writing , the document speaks for itself); **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (document is offered by Mr. Rytting for the truth of the matter contained therein and is not subject to a hearsay exception). |
| 32.    Page 9, paragraph 24, lines 10-13, as follows: The City Creek project was funded by other sources as well. In addition to Ensign Peak's grants from ███████ ████████████████ ███████████████████ ███████████████ ██████ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any source of funding for the City Creek Mall other than what is stated in Exhibits 9 and 10); **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs);<br><br>**Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to how the City Creek Project received funding). |
| 33.    Page 9, paragraph 24, lines 13-15, as follows:<br>These grants came from the Church's earnings on its general reserve funds from Ensign Peak's main investment account. Attached hereto as **Exhibit 9** and **Exhibit 10** are true and correct copies of the authorizations evidencing these grants. | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with Ensign Peak Advisors in any way, nor does he state that he has any knowledge of any transfer of funds either to or from Ensign Peak Advisors other than what is stated in Exhibits 9 and 10); |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |
| | **Inadmissible Hearsay** (Fed. R. Evid. 801-802) (documents are offered by Mr. Rytting for the truth of the matters contained therein and are not subject to a hearsay exception). |
| 34. Page 9, paragraph 26, lines 21-22, as follows:<br><br>PRI also ▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮▮▮ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with PRI in any way, nor does he state that he has any |

40

| | |
|---|---|
| | knowledge of any funds expended by PRI); |
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of PRI and other entities handling the Church's financial affairs). |
| 35. <u>Page 9, paragraph 26, lines 22-23, as follows:</u><br><br>No tithing funds were used as part of PRI's expenditures. | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville,* 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state any facts to evidence how he knows that no tithing funds were used as part of PRI's expenditures, nor does he provide factual support for his claim that no tithing funds were used as part of PRI's expenditures); |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

| | |
|---|---|
| | **Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of Ensign Peak Advisors and other entities handling the Church's financial affairs); |
| | **Improper opinion testimony** (Fed. R. Evid. 701) (Mr. Rytting is not qualified to testify as to whether tithing funds were used as part of PRI's expenditures). |
| | **Conclusory** (*Nat'l Steel Corp. v. Golden Eagle Ins. Co.*, 121 F.3d 496, 502 (9th Cir. 1997)) ("Conclusory allegations… without factual support, are insufficient [on] summary judgment.") |
| 36.   <u>Page 9, paragraph 27</u>, as follows: Finally, CCRI received ▮▮▮▮ ▮▮▮▮▮▮▮▮▮ | **Lack of personal knowledge** (Fed. R. Evid. 602) (*Brew v. City of Emeryville*, 138 F. Supp. 2d 1217, 1227 (N.D. Cal. 2001) ("declarant must state facts |

EVIDENTIARY OBJECTIONS TO DECLARATION OF PAUL RYTTING
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

showing his or her connection to the matters stated, establishing the source of the information.") (Mr. Rytting does not state that he was involved with CCRI in any way, nor does he state that he has any knowledge of any transfer of funds either to or from CCRI);

**Lack of foundation** (Fed. R. Evid. 901) (Contrary to how he holds himself out in his declaration, Mr. Rytting's well-documented role with the Church is as its long-time "Director of Risk Management" (*see* https://www.linkedin.com/in/paul-rytting-5622303b/). Mr. Rytting fails to establish how his role as a risk manager would somehow provide personal knowledge of the inner workings of CCRI and other entities handling the Church's financial affairs).

Dated:  August 16, 2021

LAVELY & SINGER, P.C.
DAVID B. JONELIS
JAKE A. CAMARA
By:   /s/*David B. Jonelis*
     DAVID B. JONELIS
Attorneys for Plaintiff
JAMES HUNTSMAN

43