Rick Richmond (SBN 194962)
rrichmond@larsonllp.com
Matthew S. Manacek (SBN 312834)
mmanacek@larsonllp.com
Nathaniel S. Wright (SBN 325061)
nwright@larsonllp.com
Troy S. Tessem (SBN 329967)
ttessem@larsonllp.com
**LARSON LLP**
555 South Flower Street, Suite 4400
Los Angeles, California 90071
Telephone: (213) 436-4888
Facsimile: (213) 623-2000

Attorneys for Defendant
THE CHURCH OF JESUS CHRIST OF
LATTER-DAY SAINTS

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| JAMES HUNTSMAN,<br><br>Plaintiff,<br><br>vs.<br><br>CORPORATION OF THE PRESIDENT OF THE CHURCH OF JESUS CHRIST OF LATTER-DAY SAINTS; and Does 1-10,<br><br>Defendants. | Case No. 2:21-cv-02504 SVW (SK)<br><br>*Assigned to the Hon. Stephen V. Wilson, Ctrm. 10A*<br><br>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE THE DECLARATION OF ROGER CLARKE**<br><br>*[Filed concurrently with Declaration of Rick Richmond]*<br><br>Trial Date: None Set |

Huntsman's motion to strike the declaration of Roger Clarke is further proof that the financial records submitted by the Church compel the entry of summary judgment. The financial records destroy Huntsman's fraud claim. They prove that the funding for City Creek came from earnings on reserves and from other commercial entities, rather than tithing, just as President Hinckley said. To survive summary judgment Huntsman needed to dig into the financial records and show they are wrong.

But Huntsman did no such thing. He did not show that the financial records are inaccurate in any respect. He did not analyze the records in his opposition and, indeed, he refused even to discuss them. Instead, Huntsman complained that the covering declaration to the financial records was not good enough. The declarant has worked in the Church's finance department for over fifteen years, going back to 2003-04 when the City Creek project was announced by President Hinckley and sufficient earnings on reserves were set aside. (Rytting Decl., ¶ 1.) The declarant explained that he is "familiar with Church policies and practices relating to the management of funds and, in particular, with respect to the financing of the City Creek project." (*Id*.) The declarant authenticated the financial records and provided a brief roadmap into them for the reader. (*Id*., ¶¶ 8, 11, 13, 18, 20, 21, 22, 23, 24.) The declarant's authentication was appropriate and sufficient.

Nevertheless, we provided a "belt-and-suspenders" authentication of the financial records with our reply brief in response to Huntsman's complaint that the declarant did not know as much about Ensign Peak as a former employee named David Nielsen. This double-authentication was provided in the form of a declaration by Roger Clarke, who Nielsen identified as Ensign Peak's president while Nielsen was employed there, to remove any criticism that the records were not sufficiently authenticated. (Nielsen Decl. ¶¶ 4, 9, 10.) Once again, however, Huntsman refused to address the financial records themselves, this time attacking

the second authenticating declaration as "new evidence" that could not be considered on reply.

In the three-part argument section below, we explain why Huntsman's motion to strike the Clarke declaration should be denied because: (i) there is no question the financial documents are accurate records about how City Creek was funded; (ii) the Clarke declaration authenticates the financial records for a second time and does not provide any "new evidence;" and (iii) even if the Clarke declaration provided "new evidence" about the authenticity of the financial records, the declaration can and should be accepted by the Court in its consideration of the Church's summary judgment motion.

## ARGUMENT

### I.   THE FINANCIAL RECORDS ARE ACCURATE

Huntsman's refusal to look at the financial records cannot save him from summary judgment. All 120 pages of the records (except for the first three summary pages) are contemporaneous financial documents showing how earnings on reserves were used to fund the City Creek project. The records detail how the earnings on reserves were applied as the money was needed, with money left over when the City Creek project was completed. Huntsman has not shown that the records are inaccurate in any way and has not even tried to do so.

Huntsman can hardly claim surprise that these documents play such an important role on summary judgment. Indeed, he is the one who recognized that a covering declaration from the Church was not critical, but the underlying documents would be. He is the one who asked to see these documents. Here is the exchange from the initial status conference:

"THE COURT:  So your position – is your position supportable on a summary judgment standard?

"MR. RICHMOND:  Absolutely, your Honor.

…

"THE COURT: Mr. Jonelis, do you have any objection to testing the waters with a summary judgment motion?

"MR. JONELIS: No, your Honor. But the issue would be in order to do that, as Mr. Richman [sic] has correctly stated, the fundamental evidence that we would need to see is more than just the church's representation that there is a corpus and then there is profits. We would need to see the documents that support it.

"THE COURT: I assume that at least in that regard there will be supporting documents.

"MR. RICHMOND: Correct, your Honor."

(Declaration of Rick Richmond, ¶3, Ex. A, Tr. at 9:10-12; 10:22-25, 11:1-7.)

Having invited "the fundamental evidence" of "the documents that support" the Church's position, Huntsman cannot now refuse to look at the documents in the hopes that the Court will not look at them either. Everyone knew at the outset of the case the financial documents would be the key. They are the key. Summary judgment should be granted because the financial records prove the truth of the statements on which Huntsman's fraud claim relies.

## II. THE CLARKE DECLARATION PROVIDES A SECOND AUTHENTICATION OF THE RECORDS, NOT "NEW EVIDENCE"

Huntsman criticizes the initial authentication of the financial records as insufficient because Paul Rytting as the declarant supposedly lacked enough knowledge about the documents to provide a basic authentication. Rytting has worked in the Church's finance department for over fifteen years, going back to 2003-04 when the City Creek project was announced by President Hinckley and sufficient earnings on reserves were set aside. (Rytting Decl., ¶ 1) Rytting is "familiar with Church policies and practices relating to the management of funds and, in particular, with respect to the financing of the City Creek project." *Id.* On that basis, Rytting authenticated the financial records and provided a brief roadmap

into them for the reader. *Id.*, para. 8, 11, 13, 18, 20, 21, 22, 23, 24. Rytting's authentication was appropriate and sufficient, especially since it was Huntsman's view that the financial documents themselves, not Rytting's covering declaration, would be "the fundamental evidence" on summary judgment.

While Huntsman's criticism of Rytting's authentication is not a ground on which to exclude the documents' "fundamental evidence" from consideration under Rule 56, at best the criticism might be construed as a challenge to the sufficiency of the evidence offered. In response to that criticism, we provided the supplemental declaration of Roger Clarke, the very person Huntsman claims knows the facts. Contrary to Huntsman's claim, the Clarke declaration does not establish any new material facts, but merely provides foundational facts about "Clarke's role with Ensign Peak, Clarke's knowledge of the policies and practices related to the management of funds, . . . information regarding the regular business practices of Ensign Peak, and Ensign Peak's record-keeping policies." (Huntsman Motion at 3, fn. 1.) In other words, the Clarke declaration merely responds to and shows that Huntsman's authenticity criticism is unfounded. It does not provide any "new evidence" about how City Creek was funded. That evidence, about City Creek's funding, is found in the documents themselves.

### III. EVEN IF IT CONTAINED "NEW EVIDENCE," THE CLARKE DECLARATION SHOULD BE CONSIDERED

Huntsman claims "the Church has misused the judicial process by purposefully withholding the Clarke Declaration until (literally) the last minute," as if the Church were sneaking in "new evidence" in some unfair way. (Huntsman Motion at 3:19-20). But there was nothing improper about submitting the supplemental Clarke declaration, because a party like the Church is permitted on reply to answer arguments raised in an opposition. *E.g., El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040 (9th Cir. 2003) (recognizing a court may entertain arguments and evidence raised for the first time in a reply brief when responding to

contentions in an opposition); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996). Huntsman's cases are in line with this precedent. Those cases largely counsel parties to submit the evidence to prove their case in their opening papers[1] and suggest a court may decline to consider new evidence submitted in a reply where the other party did not have an opportunity to respond.[2]

That is not what happened here. The supplemental Clarke declaration is narrowly tailored to the criticism raised by Huntsman. Huntsman then had the opportunity and did respond to the Clarke declaration in his motion to strike. As a result, even if the Clarke declaration is said to have offered "new evidence" in the form of foundational facts in support of the authenticity of the financial records, that "new evidence" should be considered by the Court in its decision to grant summary judgment in the Church's favor. *See generally* Fed. R. Civ. P. 56(e)(1) ("If a party fails to properly support an assertion of fact . . . the court may give an opportunity to properly support or address the fact.").

---

[1] *Wallace v. Countrywide Home Loans, Inc.*, No. SACV 08-1463 AG MLGX, 2009 WL 4349534, at *7 (C.D. Cal. Nov. 23, 2009) (new evidence submitted for the first time in a reply may be ignored if the evidence should have been presented with the opening brief); *S.E.C. v. Priv. Equity Mgmt. Grp., Inc.*, No. CV 09-2901 PSG (EX), 2009 WL 2488044, at *7 (C.D. Cal. Aug. 10, 2009) (declining to consider evidence offered in reply where it was necessary to establish plaintiff's claim); *California Expanded Metal Prod. Co. v. Klein*, 426 F. Supp. 3d 730, 743 (W.D. Wash. 2019) (declining to consider a supplemental declaration providing "specific factual allegations about the frequency of the alleged non-infringing uses and the identities of purchasers" on reply); *Gutierrez v. 78th Jud. Dist. Ct.*, No. 1:07-CV-1268, 2009 WL 1507415, at *1 (W.D. Mich. May 29, 2009) (declining consider evidence where a party "deliberately, or more likely inadvertently, held back part of their case").

[2] *Provenz v. Miller*, 102 F.3d at 1483 (9th Cir.1996) (a court may decline to consider new evidence on reply where the other party does not have an opportunity to respond).

1  Dated: August 31, 2021                LARSON LLP

3                                        By: */s/ Rick Richmond*
4                                            Rick Richmond
                                             Matthew S. Manacek
                                             Nathaniel S. Wright
5                                            Trov S. Tessem
6                                        Attorneys for Defendant
                                         THE CHURCH OF JESUS CHRIST OF
7                                        LATTER-DAY SAINTS